Christopher F. Graham, Esq.
Ren-Ann A. Wang, Esq.
10 Bank Street, Suite 700
White Plains, NY 10606
Telephone: (914) 286-6443
cgraham@eckertseamans.com
rwang@eckertseamans.com

*Counsel for the Plan Administrator*

**Hearing Date: November 9, 2021**
**Hearing Time: 10:00 a.m.**
**Objection Date and Time:**
**November 2, at 4:00 p.m.**

**UNITED STATES BANKRKUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | |
| VILLAGE RED RESTAURANT CORP. d/b/a ) | Chapter 11 |
| WAVERLY RESTAURANT, ) | Case No. 18-10960 (MEW) |
| ) | |
| Debtor, ) | |
| ) | |
| ) | |
| CHRISTOPHER F. GRAHAM, as Plan ) | |
| Administrator of the Estate of Village Red ) | |
| Restaurant Corp., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adv. Proc. No. 20-01065 (MEW) |
| - against- ) | |
| ) | |
| CHRISTINE SERAFIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CHRISTOPHER F. GRAHAM, as Plan ) | |
| Administrator of the Estate of Village Red ) | Adv. Proc. No. 20-01066 (MEW) |
| Restaurant Corp., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| - against- ) | |
| ) | |
| 135 WAVERLY REALTY, LLC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

1

**NOTICE OF MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR AN ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE PLAN ADMINISTRATOR, EMPLOYEE CREDITORS, AND DEFENDANTS CHRISTINE SERAFIS AND 135 WAVERLY REALTY, LLC**

**PLEASE TAKE NOTICE** that upon the accompanying Motion for Approval of the Settlement Agreement, dated October 19, 2021, between the Plan Administrator and defendants Christine Serafis ("Serafis") and 135 Waverly Realty, LLC ("Landlord," and together with Serafis, the "Defendants"), the Plan Administrator will move this Court before the Honorable Michael E. Wiles, United States Bankruptcy Judge, to approve the Stipulation of Settlement in the manner and for the reasons set forth in the accompanying papers at a hearing to be held before the Court on **November 9, 2021 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 at a telephonic hearing.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion for Approval of the Stipulation of Settlement must be filed and served upon the undersigned counsel so as to be received no later than **November 2, 2021 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that if opposition to the Motion for Approval of the Stipulation of Settlement is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing.

Dated: White Plains, New York
      October 19, 2021

                            **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

                                    By: */s/ Christopher F. Graham*
                                    Christopher F. Graham, Esq.

Ren-Ann A. Wang, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
Telephone: (914) 286-6443
cgraham@eckertseamans.com
rwang@eckertseamans.com

*Counsel for the Plan Administrator*

**TO:** **ALL ATTORNEYS OF RECORD AND REGISTERED PARTIES VIA ECF**

**UNITED STATES BANKRKUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| VILLAGE RED RESTAURANT CORP. d/b/a | ) Chapter 11 |
| WAVERLY RESTAURANT, | ) Case No. 18-10960 (MEW) |
| | ) |
| Debtor, | ) |
| | ) |
| | ) |
| CHRISTOPHER F. GRAHAM, as Plan | ) |
| Administrator of the Estate of Village Red | ) |
| Restaurant Corp., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Proc. No. 20-01065 (MEW) |
| - against- | ) |
| | ) |
| CHRISTINE SERAFIS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| CHRISTOPHER F. GRAHAM, as Plan | ) |
| Administrator of the Estate of Village Red | ) Adv. Proc. No. 20-01066 (MEW) |
| Restaurant Corp., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - against- | ) |
| | ) |
| 135 WAVERLY REALTY, LLC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAN ADMINISTRATOR'S MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR
AN ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE PLAN
ADMINISTRATOR, EMPLOYEE CREDITORS, AND DEFENDANTS CHRISTINE
<u>SERAFIS AND 135 WAVERLY REALTY, LLC</u>**

**TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:**

Christopher F. Graham, the Plan Administrator (the "Plan Administrator") of the estate of Village Red Restaurant Corp. d/b/a Waverly Restaurant (the "Debtor"), by and through his counsel, Eckert Seamans Cherin & Mellott, LLC, respectfully moves this Court for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving a Stipulation of Settlement dated October 19, 2021 and attached hereto as Exhibit A (the "Agreement" or the "Settlement Agreement") between the Plan Administrator, the Employee Creditors (defined below), and defendants Christine Serafis ("Serafis") and 135 Waverly Realty, LLC ("Landlord," and together with Serafis, the "Defendants"). In support thereof, Plan Administrator respectfully avers as follows:

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is Bankruptcy Rule 9019.

## II.  BACKGROUND

5. These adversary proceedings relate to the bankruptcy case of *In re Village Red Restaurant Corp., d/b/a Waverly Restaurant*, Case No. 18-10960 (MEW) (the "Bankruptcy Case"), which is currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

6. Serafis is a resident of Greece and, for all times relevant, was the president and sole owner of both the Debtor and Landlord.

7.     Landlord was, for all times relevant, the Debtor's landlord with respect to the restaurant located at 385 6th Avenue, New York, NY 10014 (the "Leased Premises"), called the Waverly Restaurant.

8.     On April 6, 2018 (the "Petition Date"), Village Red Restaurant Corp., d/b/a Waverly Restaurant ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code; and on July 10, 2019, the Debtor filed its Chapter 11 Plan (the "Plan") [Dckt. No. 52].

9.     The filing of the Bankruptcy Case was caused, at least in part, by pending Fair Labor Standards Act and NY Labor Law litigation brought by nine (9) employees (the "Employee Creditors"[1]) of the Debtor at Case Nos. 15-6292-JCF and 17-02037-JCF in the U.S. District Court for the Southern District of New York (the "Employee Litigation").

10.    Aside from the Employee Creditors, there is only one other pre-petition general unsecured creditor, Chase Bank.

11.    On August 21, 2019, Debtor filed its Amended Plan (the "Amended Plan") [Dckt. No. 61], later revised on September 12, 2019, to appoint attorney Christopher F. Graham as Plan Administrator [Dckt. No. 67] (the "Confirmed Plan"). Under the Confirmed Plan, the Plan Administrator was tasked with, among other things, pursuing claims that the Debtor's estate may have against the Defendants.

12.    On October 17, 2019, an Order was entered approving and confirming the Confirmed Plan [Dckt. No. 72] (the "Confirmation Date").

13.    Accordingly, Christopher F. Graham was appointed as the Plan Administrator, and was authorized and has standing to bring this motion pursuant to the Confirmed Plan.

---

[1] The Employee Creditors are: Alberto Nieto (Claim No. 1), Delfino Tlacopilco (Claim No. 2), Franklyn Perez (Claim No. 3), Jesus Delgado (Claim No. 4), Miguel Botello Gonzaga (Claim No. 5), Luis Magana (Claim No. 6), Valente Garcia (Claim No. 7), Justino Garcia (Claim No. 8), and Miguel Romero Lara (Claim No. 10).

14.     On December 31, 2019, the Plan Administrator filed an objection to the claim of the Landlord (the "Claim Objection").

15.     On April 3, 2020, the Plan Administrator commenced an adversary proceeding at A.P. No. 20-01065 (MEW) (the "Owner Adversary") against the Debtor's sole shareholder, Ms. Serafis, seeking to avoid and recover certain transfers made by the Debtor to Ms. Serafis.

16.     On April 5, 2020, the Plan Administrator commenced an adversary proceeding at A.P. No. 20-01066 (MEW) (the "Landlord Adversary") against the Debtor's Landlord, seeking to avoid and recover certain transfers made by the Debtor to the Landlord.   (The Owner Adversary and Landlord Adversary are, collectively, the "Adversary Proceedings").

17.     The above matters were consolidated for discovery and all other pretrial purposes on July 29, 2020.

18.     A consolidated trial was held on the above matters on April 22, 2021, with a post-trial hearing held on May 18, 2021.

19.     On August 31, 2021, the Bankruptcy Court entered judgments in favor of the Plan Administrator in the principal amounts of $918,216.37 against the Landlord and $623,459.89 against Ms. Serafis (collectively, the "Judgments"), and sustained the Plan Administrator's Claim Objection and rejected Landlord's counterclaim.

20.     On September 19, 2021, both Landlord and Serafis filed Notices of Appeal with respect to their respective Judgments (the "Appeals"). The Appeals remain pending.

21.     Thereafter, the parties, through their respective counsel, conferred and agreed to settle the action as more specifically described in the attached Agreement.

### III.          THE SETTLEMENT

22.     The settlement embodied in the Agreement was negotiated in good faith and at arms' length between the parties.

23.     The Plan Administrator submits that the Agreement is fair and equitable and is in the best interests of the Debtor, its creditors, and the estate, and should therefore be approved.

24.     Key terms of the Agreement are as follows:[2]

    a.  Defendants, jointly and severally, agree to pay the total sum of One Million, One Hundred Thousand and 00/100 U.S. Dollars ($1,100,000.00) to the Plan Administrator (the "Settlement Payment").

    b.  The Settlement Payment will be made, at least in part, from proceeds of a refinance of Landlord's real property, which Defendants are to diligently pursue in order to be able to make timely Settlement Payment, with such payment to be made at a closing to occur as soon as possible, but no later than December 31, 2021.

    c.  If Defendants make a good faith diligent effort to close the above-described refinancing prior to December 31, 2021, but are unable to do so through no fault of their own, then Defendants may extend the Settlement Payment deadline to March 30, 2022, by paying a Twenty-Five Thousand and 00/100 Dollar ($25,000.00) non-refundable extension fee to the Plan Administrator (a "First Extension").

    d.  If, after obtaining a First Extension, Defendants continue to make a good faith diligent effort to close the above-described refinancing, but are unable to do so through no fault of their own, then Defendants may extend the Settlement Payment deadline to June 30, 2022, by paying an additional Fifty Thousand and 00/100 Dollar ($50,000.00) non-refundable extension fee to the Plan Administrator (the "Second Extension").

    e.  Under no circumstances will Defendants be afforded any extension beyond the Second Extension deadline of June 30, 2022.

    f.  Defendants further agree to (A) stay the Appeals pending Bankruptcy Court approval of this Settlement Agreement and (B) to dismiss the Appeals upon Bankruptcy Court approval of this Settlement Agreement.

    g.  The Agreement is intended to fully resolve and settle all claims related to the Transfers.

---

[2] The foregoing summary is qualified by the terms of the Agreement. To the extent of any inconsistency between this summary and the Agreement, the Agreement shall control.

h. The Agreement is subject to Court approval as set forth in the Debtor's Confirmed Chapter 11 Plan and pursuant to Bankruptcy Rule 9019.

i. The Plan Administrator will hold any payments in escrow until the Court enters an order approving this Settlement Agreement.

j. If the Court does not approve this Settlement Agreement, it shall become null and void, and the Plan Administrator will immediately return any payments to Defendants.

## IV. RELIEF REQUESTED

25. By this Motion, the Plan Administrator seeks entry of an order, pursuant to Bankruptcy Rule 9019(a), approving the Agreement and the terms, conditions, and compromises contained therein, which are reasonable under the circumstances, and approving that the Agreement is in the best interests of the estate and its creditors.

26. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estates. *Protective Comm. For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Ionosphere Clubs, Inc. v. American National Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994); I*n re Schneider*, 2015 WL 1412364, *4-5, No. 14-CV-1166 (JMA) (E.D.N.Y. Mar. 26, 2015); *Fjord v. AMR Corp., et al. (In re AMR Corp.)*, 502 B.R. 23, 42 (Bankr. S.D.N.Y. 2013).

27. In order to reach such a decision, the Court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of

collecting on a judgment, "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *TMT Trailer Ferry*, 390 U.S. at 424.

28.　　To constitute a fair and equitable compromise or settlement, the Court must find that the settlement does not "fall below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F. 2d 599, 608 (2d Cir. 1983); *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); *In re Int'l Distribution Centers, Inc.*, 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

29.　　The Court should also consider the fair and reasonable course of action for the debtor's estate, with the limited available assets, giving consideration to the interests of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. *In re Del Gross*, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989); *see also In re Culmtech, Ltd.*, 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990); *In re Lawrence & Erausguin, Inc.*, 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); *In re Bell & Beckwith*, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

30.　　The Court is not required to determine conclusively the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable. Instead, the Court should "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re Adelphia Communications Corp.*, 368 B.R. 140, 225 (Bankr. S.D.N.Y. 2007); *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Schneider*, 2015 WL 1412364 at *4 (E.D.N.Y. Mar. 26, 2015); *In re Worldcom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992).

31.　　Here, the Plan Administrator considered numerous factors in determining that entry into the Agreement was in the best interest of the estate.

32.     First, the Plan Administrator considered the fact that the Employee Creditors, many of whom worked as waiters and servers for Debtor's restaurant, have been waiting for payment of their wages for many years and have consented to the proposed settlement. The one other creditor, Chase Bank, represents only a *de minimis* portion of the creditor pool.

33.     Second, the Plan Administrator considered the litigious history of this litigation and the potential costs of defending the Appeals.

34.     Third, the Plan Administrator considered the potential additional expenses that may be required to collect on a judgment against the Defendants, particularly as the Plan Administrator is not aware of any unencumbered assets of the Defendants.

35.     In light of the consent and agreement of the Employee Creditors, and the potential expenses and uncertainties of further litigation and collection efforts, the Plan Administrator respectfully submits that the settlement embodied by the Agreement is fair and equitable, is in the best interests of the Debtor's estate, and is well above the lowest point in the range of reasonableness.

36.     Accordingly, the Plan Administrator respectfully requests that the Court approve the Agreement.

## V.     NOTICE

37.     Notice of this Motion will be given in accordance with Bankruptcy Rule 2002. The Plan Administrator submits that such notice constitutes good and sufficient notice and that no other or further notice need be given.

## VI.     NO PRIOR REQUEST

38.     No previous application for the relief requested herein has been made to this or any other court.

### VII.    CONSENT

39.    Per the express terms of the Agreement, Defendants and the Employee Creditors consent to the relief requested herein.

**WHEREFORE**, the Plan Administrator respectfully requests that this Court enter an order, substantially in the form of the proposed order annexed hereto as Exhibit B, and for such other and further relief as the Court determines to be just and proper.

Dated:  White Plains, New York
         October 19, 2021

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: */s/ Christopher F. Graham*
Christopher F. Graham, Esq.
Ren-Ann A. Wang, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
Telephone: (914) 286-6443
cgraham@eckertseamans.com
rwang@eckertseamans.com

*Counsel for the Plan Administrator*

# EXHIBIT A

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE OF CLAIMS**

**1.  PARTIES** -- This Settlement Agreement and Release of Claims (the "**Settlement Agreement**") is made and entered into on the last day set forth on the signature page by the following (collectively the "**Parties**" and individually a "**Party**") for the purpose of resolving by compromise settlement, all claims, liabilities, and disputes arising out of disputes between the Parties:

  **A.**  Christopher F. Graham, as Plan Administrator of the Estate of Village Red Restaurant Corp. (the "**Plan Administrator**");

  **B.**  135 Waverly Realty, LLC (the "**Landlord**");

  **C.**  Christine Serafis ("**Ms. Serafis**", and, collectively with the Landlord, the "**Serafis Parties**"); and

  **D.**  The Employee Creditors (defined below).

**2.  RECITALS** -- This Settlement Agreement is entered into with reference to the following facts:

  **A.**  On April 6, 2018 (the "**Petition Date**"), Village Red Restaurant Corp., d/b/a Waverly Restaurant, (the "**Debtor**") voluntarily commenced a bankruptcy case at Case No. **18-10960 (MEW)** (the "**Bankruptcy Case**") in the U.S. Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

  **B.**  The filing of the Bankruptcy Case was caused, at least in part, by pending Fair Labor Standards Act and NY Labor Law litigation brought by nine (9) employees (the "**Employee Creditors**")[1] of the Debtor at Case Nos. **15-6292-JCF** and **17-02037-JCF** (collectively, the "**Employee Litigation**") in the U.S. District Court for the Southern District of New York.

  **C.**  Aside from the Employee Creditors, there is only one other pre-petition general unsecured creditor, Chase Bank.

  **D.**  The Plan Administrator was appointed as the Plan Administrator pursuant to the Debtor's confirmed Chapter 11 Liquidating Plan (the "**Confirmed Plan**").  Under the Confirmed Plan, the Plan Administrator was tasked with, among other things, pursuing claims that the Debtor's estate may have against the Serafis Parties.

---

[1] More specifically, the "**Employee Creditors**" are: Alberto Nieto (Claim No. 1), Delfino Tlacopilco (Claim No. 2), Franklyn Perez (Claim No. 3), Jesus Delgado (Claim No. 4), Miguel Botello Gonzaga (Claim No. 5), Luis Magana (Claim No. 6), Valente Garcia (Claim No. 7), Justino Garcia (Claim No. 8), and Miguel Romero Lara (Claim No. 10).

**E.**     On December 31, 2019, the Plan Administrator filed an objection to the claim of the Landlord (the "**Claim Objection**").

**F.**     On April 3, 2020, the Plan Administrator commenced an adversary proceeding at **A.P. No. 20-01065 (MEW)** (the "**Owner Adversary**") against the Debtor's sole shareholder, Ms. Serafis, seeking to avoid and recover certain transfers made by the Debtor to Ms. Serafis.

**G.**     On April 5, 2020, the Plan Administrator commenced an adversary proceeding at **A.P. No. 20-01066 (MEW)** (the "**Landlord Adversary**") against the Debtor's Landlord, seeking to avoid and recover certain transfers made by the Debtor to the Landlord.   (The Owner Adversary and Landlord Adversary are, collectively, the "**Adversary Proceedings**").

**H.**     On April 22, 2021, a consolidated trial was conducted with respect to the Claim Objection, Landlord Adversary and Owner Adversary.

**I.**     On August 31, 2021, the Bankruptcy Court entered Judgments in favor of the Plan Administrator in the principal amounts of $918,216.37 against the Landlord and $623,459.89 against Ms. Serafis (collectively, the "**Judgments**"), and sustained the Claim Objection.

**J.**     On September 19, 2021, both Landlord and Ms. Serafis filed Notices of Appeal with respect to their respective Judgments (the "**Appeals**").

**K.**     Collectively, all the above facts, including the allegations and defenses raised by the Parties in the Adversary Proceedings and Appeals constitute the "**Disputes**".

**L.**     The Parties have conferred through their respective counsel and now desire to fully compromise, finally settle, and fully release all claims related to, or arising from, the Disputes.

**3**.  **AGREEMENTS, RELEASES, AND PROMISES** -- In consideration of the facts, acknowledgements, agreements, general release and promises contained in this Settlement Agreement, and for other good and valuable consideration, the receipt of which is acknowledged by each Party hereto, the Parties promise and agree as follows:

**A.**     The Serafis Parties, jointly and severally, agree to pay the total sum of One Million, One Hundred Thousand and 00/100 U.S. Dollars ($1,100,000.00) to the Plan Administrator (the "**Settlement Payment**");

    **1.**     The Settlement Payment will be made, at least in part, from proceeds of a refinance of Landlord's real property, which the Serafis Parties are to diligently pursue in order to be able to timely make the Settlement Payment, with such payment to be made at a closing to occur as soon as possible, but no later than December 31, 2021;

2.      If the Serafis Parties make a good faith diligent effort to close the above-described refinancing prior to December 31, 2021, but are unable to do so through no fault of their own, then the Serafis Parties may extend the Settlement Payment deadline to March 30, 2022, by paying a Twenty-Five Thousand and 00/100 Dollar ($25,000.00) non-refundable extension fee to the Plan Administrator (a "**First Extension**").  Such extension fee shall be paid on or before January 14, 2022.

3.      If, after obtaining a First Extension, the Serafis Parties continue to make a good faith diligent effort to close the above-described refinancing, but are unable to do so through no fault of their own, then the Serafis Parties may extend the Settlement Payment deadline to June 30, 2022, by paying an additional Fifty Thousand and 00/100 Dollar ($50,000.00) non-refundable extension fee to the Plan Administrator (the "**Second Extension**").  Such extension fee shall be paid on or before April 15, 2022.

4.      Under no circumstances will the Serafis Parties be afforded any extension beyond the Second Extension deadline of June 30, 2022.

B.      The Serafis Parties further agree to (A) stay the Appeals pending Bankruptcy Court approval of this Settlement Agreement and (B) to dismiss the Appeals upon Bankruptcy Court approval of this Settlement Agreement.

C.      The Employee Creditors agree that, within ten (10) days of the Plan Administrator's receipt of the Settlement Payment in good funds, the Employee Creditors shall file a stipulation of dismissal to dismiss the Employee Litigation *with prejudice*.

D.      The Plan Administrator agrees that, within ten (10) days of the Plan Administrator's receipt of the Settlement Payment in good funds, the Plan Administrator shall cause the Judgments to be marked satisfied, and, upon request, will provide said satisfactions to be held in escrow by the Serafis Parties' title company in connection with the refinancing contemplated herein, to be released by the title company upon payment of the Settlement Payment and any extension fee then due (if any).

E.      The Serafis Parties release and forever discharge the Plan Administrator and the Employee Creditors and each of their attorneys, predecessors, successors, representatives, insurers, assignees, agents, and all persons acting by, through or in any way on behalf of the Plan Administrator and/or the Employee Creditors, of and from any and all claims, debts, defenses, liabilities, costs, attorney's fees, actions, suits at law or equity, demands, contracts, expenses, damages, whether general, specific or punitive, exemplary, contractual or extra-contractual, and causes of action of any kind or nature which the Serafis Parties may now have or claim to have, including without limitation all claims or causes of action which in any way, directly or indirectly, or in any other way arises from or are connected with or which could have been asserted in connection with the Bankruptcy Case, Disputes, Adversary Proceedings, Appeals and/or Employee Litigation, and any claim, cause of action, damages, promises or demands which could

have been asserted in the Bankruptcy Case, Disputes, Adversary Proceedings, Appeals and/or Employee Litigation, which may exist from the beginning of time to the date of this Settlement Agreement; and the Parties further covenant and agree that this Settlement Agreement may be pleaded or asserted by or on behalf of the Plan Administrator or the Employee Creditors as a defense and complete bar to any action or claim that may be brought by anyone acting or purporting to act on behalf of the Serafis Parties with respect to any of the matters within the scope of this Settlement Agreement excepting only the obligations of the Parties under this Settlement Agreement. This full and final release shall cover and shall include and does cover and does include any and all known or future damages not now known to any of the Parties hereto, but which may later develop or be discovered, including the effects and consequences thereof, and including all causes of action therefore which arise out of the same facts as were alleged or could have been alleged in the Bankruptcy Case, Disputes, Adversary Proceedings, Appeals and/or Employee Litigation.

F.      The Plan Administrator and Employee Creditors agree to release and forever discharge the Serafis Parties, and each of their parents, subsidiaries, affiliates, officers, directors, shareholders, partners, attorneys, predecessors, successors, representatives, insurers, assignees, agents, and all persons acting by, through or in any way on behalf of the Serafis Parties, of and from any and all claims, debts, defenses, liabilities, costs, attorney's fees, actions, suits at law or equity, demands, contracts, expenses, damages, whether general, specific or punitive, exemplary, contractual or extra-contractual, and causes of action of any kind or nature which the Plan Administrator and Employee Creditors may now have or claim to have, including without limitation all claims or causes of action which in any way, directly or indirectly, or in any other way arises from or are connected with or which could have been asserted in connection with the Bankruptcy Case, Disputes, Adversary Proceedings, Appeals and/or Employee Litigation, and any claim, cause of action, damages, promises or demands which could have been asserted in the Bankruptcy Case, Disputes, Adversary Proceedings, Appeals and/or Employee Litigation, which may exist from the beginning of time to the date of this Settlement Agreement; and the Parties further covenant and agree that this Settlement Agreement may be pleaded or asserted by or on behalf of the Serafis Parties as a defense and complete bar to any action or claim that may be brought by anyone acting or purporting to act on behalf of the Plan Administrator and Employee Creditors with respect to any of the matters within the scope of this Settlement Agreement excepting only the obligations of the Parties under this Settlement Agreement. This full and final release shall cover and shall include and does cover and does include any and all known or future damages not now known to any of the Parties hereto, but which may later develop or be discovered, including the effects and consequences thereof, and including all causes of action therefore which arise out of the same facts as were alleged or could have been alleged in the Bankruptcy Case, Disputes, Adversary Proceedings, Appeals and/or Employee Litigation.

G.      Notwithstanding the forgoing releases, should the Serafis Parties fail to timely make the Settlement Payment as required by Section 3.A., above, then the full amounts of the Judgments will immediately be due and payable to the Plan Administrator as if this Settlement Agreement had not been made.

**H.**     Nothing in this Settlement Agreement should be construed as a release of the Employee Creditors' claims filed against the Debtor's estate in the Bankruptcy Case, which will be paid by the Plan Administrator pursuant to the Confirmed Plan.

**I.**     This Settlement Agreement is entered into in the State of New York and the Settlement Agreement and any rights, remedies, or obligations provided for in this Settlement Agreement, shall be construed and enforced in accordance with the laws of the State of New York.

**J.**     This Settlement Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Settlement Agreement shall not be interpreted against any one Party.

**K.**     If any action is brought to enforce this Settlement Agreement, or is brought in connection with any dispute arising out of this Settlement Agreement or the claims which are the subject of this Settlement Agreement, the prevailing Party or Parties shall be entitled to recover damages, fees and other costs incurred in such litigation which they may prove are the direct and proximate result of any breach hereof in additional to any other relief which that Party or Parties may be entitled to by law.

**L.**     The provisions of this Settlement Agreement are severable. If any portion, provision, or part of this Settlement Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Settlement Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts.

**M.**     This Settlement Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Settlement Agreement. All modifications must be in writing and duly executed by all Parties.

**N.**     Parties represent and warrant to each other that each is the sole and lawful owner of all right, title and interest in and to every claim and other matter which each releases in this Settlement Agreement and that they have not previously assigned or transferred, or purported to do so, to any person or other entity any right, title or interest in any such claim or other matter. In the event that such representation is false, and any such claim or matter is asserted against either Party by anyone who is the assignee or transferee of such a claim or matter, then the Party who assigned or transferred such claim or matter shall fully indemnify, defend and hold harmless the Party against whom such claim or matter is asserted and its successors from and against such claim or matter.

**O.**     The Parties acknowledge that this Settlement Agreement is executed voluntarily by each of them, without duress or undue influence on the part of, or on behalf of any of them. The Parties further acknowledge that they have or had the opportunity for representation in the

negotiation for, and in the performance of, this Settlement Agreement by counsel of their choice and that they have read this Settlement Agreement, and have had it fully explained to them by their counsel and that they are fully aware of the contents of this Settlement Agreement and its legal affect.

**P.**     This Settlement Agreement shall be binding on and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, agents, representatives, successors, and assignees.

**Q.**     This Settlement Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties and the terms of the Settlement Agreement are contractual and not merely recitals.

**R.**     There is no other agreement, written or oral, expressed or implied, between the Parties with respect to the subject matter of this Settlement Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Settlement Agreement has been made conferring any benefit upon them.

**S.**     This Settlement Agreement may be executed in counterpart facsimile signatures and all such counterparts shall constitute a single form of this Settlement Agreement.

**T.**     This Settlement Agreement is contingent upon the approval of the Bankruptcy Court.  To the extent this Settlement Agreement is not approved by the Bankruptcy Court, then it shall be null and void in all respects, and the Parties shall retain all rights and remedies that they may have possessed as if this Settlement Agreement had never been entered.

*Signature Pages Follow*

**IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed on the last day set forth below.**

Dated: October 19, 2021       Christopher F. Graham, as Plan Administrator of
White Plains, New York           the Estate of Village Red Restaurant Corp.

                                       */s/ Christopher F. Graham*
                                       _____
                                       By: Christopher F. Graham
                                       Its: Plan Administrator

Dated: _____, 2021      PECHMAN LAW GROUP PLLC, on behalf of the
New York, New York              Employee Creditors, Alberto Nieto, Delfino
                                       Tlacopilco, Franklyn Perez, Jesus Delgado, Miguel
                                       Botello Gonzaga, Luis Magana, Valente Garcia,
                                       Justino Garcia, and Miguel Romero Lara

                                       _____
                                       By:
                                       Its:

**IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed on the last day set forth below.**

Dated: _____, 2021          Christopher F. Graham, as Plan Administrator of
White Plains, New York                   the Estate of Village Red Restaurant Corp.

                                         _____
                                         By:
                                         Its:


Dated: October 15_____, 2021         PECHMAN LAW GROUP PLLC, on behalf of the
New York, New York                       Employee Creditors, Alberto Nieto, Delfino
                                         Tlacopilco, Franklyn Perez, Jesus Delgado, Miguel
                                         Botello Gonzaga, Luis Magana, Valente Garcia,
                                         Justino Garcia, and Miguel Romero Lara

                                         *Louis Pechman*

                                         _____
                                         By: Louis Pechman
                                         Its: Principal

**IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed on the last day set forth below.**

Dated: _October 14_, 2021
Queens, New York

Christine Serafis, individually

_Christine Serafis_

Dated: _October 14_, 2021
Queens, New York

135 Waverly Realty, LLC

_Christine Serafis_
By: Christine Serafis
Its: Sole Member

# EXHIBIT B

**UNITED STATES BANKRKUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| VILLAGE RED RESTAURANT CORP. d/b/a | ) Chapter 11 |
| WAVERLY RESTAURANT, | ) Case No. 18-10960 (MEW) |
| | ) |
| Debtor, | ) |
| | ) |
| | ) |
| CHRISTOPHER F. GRAHAM, as Plan | ) |
| Administrator of the Estate of Village Red | ) |
| Restaurant Corp., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Proc. No. 20-01065 (MEW) |
| - against- | ) |
| | ) |
| CHRISTINE SERAFIS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| CHRISTOPHER F. GRAHAM, as Plan | ) |
| Administrator of the Estate of Village Red | ) Adv. Proc. No. 20-01066 (MEW) |
| Restaurant Corp., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - against- | ) |
| | ) |
| 135 WAVERLY REALTY, LLC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE PLAN ADMINISTRATOR, EMPLOYEE CREDITORS, AND DEFENDANTS CHRISTINE SERAFIS AND 135 WAVERLY REALTY, LLC

Upon the motion (the "Motion") of Christopher F. Graham, the Plan Administrator (the

"Plan Administrator") of the estate of Village Red Restaurant Corp. d/b/a Waverly Restaurant

15

(the "Debtor"), for an order, pursuant to Fed. R. Bankr. P. 9019, approving a certain stipulation of settlement (the "Agreement") between the Plan Administrator, Employee Creditors,[3] and defendants Christine Serafis ("Serafis") and 135 Waverly Realty, LLC ("Landlord," and together with Serafis, the "Defendants"); and due and proper notice of the Motion and hearing thereon having been given to all creditors and parties in interest as required by Fed. R. Bankr. P. 2002; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual basis set forth in the Motion establishes just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Agreement is approved and the Parties are fully authorized and directed to consummate the terms thereof.

2. This Court shall retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Agreement.

Dated: New York, New York
       _____, 2021

                 **_____**
                 **UNITED STATES BANKRUPTCY JUDGE**

---

[3] The Employee Creditors are: Alberto Nieto (Claim No. 1), Delfino Tlacopilco (Claim No. 2), Franklyn Perez (Claim No. 3), Jesus Delgado (Claim No. 4), Miguel Botello Gonzaga (Claim No. 5), Luis Magana (Claim No. 6), Valente Garcia (Claim No. 7), Justino Garcia (Claim No. 8), and Miguel Romero Lara (Claim No. 10).

**UNITED STATES BANKRRKUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VILLAGE RED RESTAURANT CORP. d/b/a | ) | Chapter 11 |
| WAVERLY RESTAURANT, | ) | Case No. 18-10960 (MEW) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| | ) | |
| CHRISTOPHER F. GRAHAM, as Plan | ) | |
| Administrator of the Estate of Village Red | ) | |
| Restaurant Corp., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 20-01065 (MEW) |
| - against- | ) | |
| | ) | |
| CHRISTINE SERAFIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| CHRISTOPHER F. GRAHAM, as Plan | ) | |
| Administrator of the Estate of Village Red | ) | Adv. Proc. No. 20-01066 (MEW) |
| Restaurant Corp., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - against- | ) | |
| | ) | |
| 135 WAVERLY REALTY, LLC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I am over the age of 18 years old and that on the 19th

day of October, 2021, I caused a true and correct copy of the *NOTICE OF MOTION PURSUANT*

*TO FED. R. BANKR. P. 9019 FOR AN ORDER APPROVING A SETTLEMENT AGREEMENT*

*BETWEEN THE PLAN ADMINISTRATOR, EMPLOYEE CREDITORS, AND DEFENDANTS*

*CHRISTINE SERAFIS AND 135 WAVERLY REALTY, LLC* to be served via ECF upon all parties

registered to receive service in this case.

Dated: White Plains, New York
        October 19, 2021

                                        ____/s/ Ren-Ann A. Wang____
                                         Ren-Ann A. Wang, Esq.